BEAUFORT COUNTY, ASHE COUNTY, BERTIE COUNTY, CHOWAN COUNTY, IREDELL COUNTY, MARTIN COUNTY AND WASHINGTON COUNTY, v. NORTH CAROLINA STATE HIGHWAY COMMISSION, E. B. JEFFRESS, CHAIRMAN, T. L. BLAND, CHARLES A. CANNON, JAMES H. CLARK, JAMES L. McNAIR, W. W. NEAL, AND N. L. STEADMAN, MEMBERS OF THE NORTH CAROLINA STATE HIGHWAY COMMISSION, AND JOHN P. STEADMAN, TREASURER OF THE STATE OF NORTH CAROLINA.

(Filed 30 March, 1932.)

Counties E c—Counties held not entitled to allocation of funds raised on gasoline tax which were collected after July 1, 1931.

　　The provisions of chapter 40, Public Laws of 1929, that a one-cent per gallon tax on all gasoline sold within the State be levied and collected by the State Commissioner of Revenue and paid to the State Treasurer and separately kept and allocated to the "County Aid Road Fund" for

the expenses incurred by the several counties in keeping up their respective public roads, was expressly repealed by chapter 145, Public Laws of 1931, placing that duty and expense upon the State Highway Commission, with none of the provisions of the former statute operative after 1 July, 1931, and *Held,* none of the moneys collected from this source subsequent to 1 July, 1931, are available to the respective counties.

CLARKSON, J., dissenting.

APPEAL by defendants from *Sinclair, J.,* at January Term, 1932, of BEAUFORT. Reversed.

This is a controversy without action submitted to the court on a statement of facts agreed. C. S., 626.

The plaintiffs contend that by virtue of the provisions of chapter 40, Public Laws of North Carolina, 1929, each of the counties of this State is entitled to a certain percentage of the sums of money now in the hands of the defendant, John P. Steadman, Treasurer of the State of North Carolina, and subject to vouchers issued by the defendant, North Carolina State Highway Commission, which were collected and paid to said Treasurer by the Commissioner of Revenue of North Carolina, since 1 July, 1931, by reason of the tax levied under the laws of this State, of one cent per gallon on all motor fuels sold, distributed and/or used therein, prior to 1 July, 1931.

The plaintiffs further contend that by virtue of the provisions of said chapter 40, Public Laws of North Carolina, 1929, it is the duty of the State Highway Commission to issue and of the State Treasurer to pay vouchers for the percentages of said sums of money to which the plaintiffs are entitled, respectively.

The defendants contend that chapter 40, Public Laws of North Carolina, 1929, was repealed by chapter 145, Public Laws of North Carolina, 1931, and that by reason of such repeal, none of its provisions has been in force or effect since 1 July, 1931.

The defendants, therefore, contend that plaintiffs are not entitled to any part of the sums of money now in the hands of the State Treasurer, subject to vouchers issued by the State Highway Commission, which were collected and paid to the said Treasurer by the Commissioner of Revenue of North Carolina, after 1 July, 1931, by reason of the tax on motor fuels which were sold, distributed and/or used in this State, prior to said date.

It is agreed that the defendant, North Carolina State Highway Commission, has issued vouchers to the several counties of the State, including the plaintiffs, for all sums of money to which they were entitled under the provisions of chapter 40, Public Laws of 1929, which were collected and paid to the State Treasurer by the Commissioner of Reve-

nue of North Carolina, prior to 1 July, 1931. The only sums of money therefore, which are involved in this controversy are those which were collected and paid to the State Treasurer, after 1 July, 1931, by reason of the tax on motor fuels levied under the laws of this State.

It is further agreed that if the plaintiffs are entitled to the percentages of the sums of money involved in this controversy, as contended by them, then such sums as are due to the plaintiffs, respectively, shall be paid by the defendant, John P. Steadman, Treasurer of the State of North Carolina, on vouchers which shall be issued by the defendant, State Highway Commission, to the holders of certain bonds issued by the plaintiffs for road improvements, which are now outstanding.

The cause was heard on the facts agreed. It was adjudged, decreed and ordered by the court as follows:

"That the plaintiffs counties are entitled to receive the gasoline tax at the rate of one cent (1c) per gallon on such motor fuels as were sold, distributed and/or used in this State prior to 1 July, 1931, and on which said tax was not actually collected and received by the State Treasurer until or after 1 July, 1931, and that plaintiffs counties are entitled to have paid on bonds and interest heretofore issued by said counties for road improvements the following percentages of said fund, to wit:

Beaufort County ............ 1.467% of the total for the State.
Ashe County .................... .844% of the total for the State.
Bertie County ............... 1.190% of the total for the State.
Chowan County ......... ... .378% of the total for the State.
Iredell County .. ... ........ 1.345% of the total for the State.
Martin County ........ ... .. .875% of the total for the State.
Washington County ...... .. .559% of the total for the State.

And it is further ordered, adjudged and decreed that the said percentages of the said fund shall be paid over by the defendants to the holders of the bonds and coupons heretofore issued by the said counties for road improvements."

From this judgment, the defendants appealed to the Supreme Court.

*Harry McMullan and MacLean & Rodman for Beaufort County.*
*T. C. Bowie and Ira T. Johnston for Ashe County.*
*M. B. Gillam for Bertie County.*
*W. D. Pruden for Chowan County.*
*John A. Scott for Iredell County.*
*Elbert S. Peel for Martin County.*
*Z. V. Norman and Carl L. Bailey for Washington County.*

*H. G. Connor, Jr., for Wilson County.*
*Attorney-General Brummitt for John P. Steadman, State Treasurer.*
*Charles Ross, General Counsel, for N. C. State Highway Commission.*

CONNOR, J. Chapter 40, Public Laws of North Carolina, 1929, is entitled "An act to amend chapter 93 of the Public Laws of 1927, so as to levy an additional tax of one cent per gallon on gasoline and relieve the counties by aid from the State Highway Commission." This act became effective as to all its provisions, according to its terms, on 1 April, 1929. It continued in full force and effect until its repeal by chapter 145, Public Laws of 1931. By virtue of such repeal, none of its provisions has been in force and effect since 1 July, 1931. No tax on motor fuels sold, distributed and/or used in this State has been levied under its provisions since 1 April, 1931. All sums of money collected under its provisions, and allocated to the "County Aid Road Fund," created under the act, have been paid to the several counties of the State. The sums now in controversy were collected and paid to the State Treasurer, after 1 July, 1931, under the provisions of chapter 145, Public Laws, 1931, which became effective on 1 April, 1931.

Section 39 of chapter 145, Public Laws of 1931, contains the following provision:

"That all laws and clauses of laws in conflict with the provisions of this act to the extent of such conflict, and especially chapter 40, Public Laws of 1929, are hereby repealed; *Provided, however,* that sections three to six inclusive of said chapter 40, Public Laws of 1929, shall remain operative until 1 July, 1931."

As all the provisions of chapter 40, Public Laws of 1929, have been repealed, and none of said provisions were operative on or after 1 July, 1931, plaintiffs are not entitled to any sums of money now in the hands of the State Treasurer, subject to vouchers issued by the State Highway Commission which have been collected and paid to said Treasurer by the Commissioner of Revenue of North Carolina, since 1 July, 1931. The judgment is, therefore,

Reversed.

CLARKSON, J., dissenting: Judge Sinclair rendered judgment in the court below as follows: "That the plaintiffs counties are entitled to receive the gasoline tax at the rate of one cent (1c) per gallon on such motor fuels as were sold, distributed, and/or used in the State prior to 1 July, 1931, and on which the said tax was not actually collected and received by the State Treasurer until on or after 1 July, 1931, and that the plaintiffs counties are entitled to have paid on bonds and interest heretofore issued by said counties for road improvements the fol-

lowing percentages of the said fund, to wit: (naming same). And it is further ordered, adjudged and decreed that the said percentages of the said fund shall be paid over by the defendants to the holders of the bonds and coupons heretofore issued by the said counties for road improvements."

Public Laws 1931, chap. 145, was passed to relieve the 100 counties in the State from maintenance or upkeep of county roads. Under this act it was estimated some 45,000 miles of county roads were taken over by the State, which at that time had about 9,000 miles of hard-surfaced and dependable State roads. These county roads were taken over on 1 July, 1931.

Section 7, of said act, is as follows: "That from and after July first, one thousand nine hundred and thirty-one, the exclusive control and management and responsibility for all public roads in the several counties shall be vested in the State Highway Commission as hereinafter provided, and all county, district, and township highway or road commissioners, by whatever name designated, and whether created under public, public-local, or private acts, shall be abolished," etc.

To finance this new road system, section 24, subsection 5, in part, provides: "There is hereby levied and imposed a tax of six cents per gallon on all motor fuels sold, distributed, or used within this State," etc. This tax is collected by the Revenue Commissioner and is transferred to the State Treasurer. Section 24, subsection 6: "And the State Treasurer shall place the same to the credit of the 'State Highway Fund.'" Two cents of the six cents was set aside for the county road system, which was not to be less than $6,000,000, in any one year.

Public Laws 1931, *supra*, sec. 39: "That all laws and clauses of laws in conflict with the provisions of this act to the extent of such conflict, and especially chapter forty of the Public Laws of one thousand nine hundred and twenty-nine are hereby repealed: *Provided, however, that sections three and six inclusive of said chapter forty in the Public Laws of one thousand nine hundred and twenty-nine shall remain operative until July first, one thousand nine hundred and thirty-one,"* etc.

Section 40: "This act shall be in force and effect from and after the first day of April, one thousand nine hundred and thirty-one."

It will be noted that sections 3 to 6, inclusive, of chapter 40, Public Laws 1929, shall remain operative until 1 July, 1931. By chapter 40, acts of 1929, the General Assembly increased the gas tax imposed by chapter 93, acts of 1927, from *four* to *five* cents, for the purpose as stated in the caption of the act, "An act to amend chapter 93, acts of 1927, so as to levy an additional tax of one cent per gallon on gasoline, and relieve the counties by aid from the State Highway Commission."

By section 2 of this act, it is provided that "the additional revenue which shall be collected by the levy and imposition of the additional one cent per gallon . . . shall be *held, used and treated* by the State Highway Commission as *a separate and special fund,* to be known and designated as 'The County Aid Road Fund,' and shall be expended only in accordance with the provisions of this act." (Italics mine.)

Chapter 40, acts 1929, became effective on 1 April, 1929, and the additional revenue thereby created came into being. On each gallon of motor fuel sold, distributed or used in the State after 1 April, 1929, a tax of five cents per gallon, by provision of this law, was forthwith levied, and by operation of law, four cents of this amount became due the State Highway Commission for its own uses and purposes, and one cent thereof became due the State Highway Commission as trustee of the County Aid Road Fund. The date and the time of the sale, distribution or use of the gasoline, brought into being the tax, and not the date or time the money for such tax happened to be collected.

It will be seen that the contention of the State Highway Commission is to the effect: (1) That it is entitled to an additional one cent gasoline tax from 1 April, to 1 July, 1931, yet its responsibility to maintain the county roads did not begin until 1 July, 1931. (2) That the counties in the State from 1 April, to 1 July, 1931, had to maintain the county roads, but were not entitled to the one cent gasoline tax which was produced during that period.

The contention of the State Highway Commission is to the effect: That although *The County Aid Road Fund* was *produced* before 1 July (that is, the one cent per gallon on the gasoline which had been distributed for sale or use within the State prior to 1 July, 1931), yet so much of that fund which is collected after 1 July, 1931, is forfeited to the State Highway Commission, regardless of when it was produced. I think that the sections 3 and 6, inclusive, chapter 40, Public Laws 1929, which remained operative, cannot be so construed. Paying the State Highway Commission an additional sum of $627,774 for maintaining the county roads, when they were not maintaining them, and taking this amount from the counties which were maintaining them, would have been an injustice which the General Assembly would not have done. The counties are left with their road debts unpaid and their bonds in default, in part at least, caused by this position taken by the State Highway Commission. Such a wrong seems to me to be glaringly inconsistent with all the purposes of the 1931 General Assembly.

Plaintiffs contend that: In fixing their county budget, Beaufort County and other plaintiff counties estimated they would be entitled to receive the one cent gasoline tax, "The County Aid Road Fund," from

1 April, 1929, to 1 July, 1931, a period of two years and three months, and levied their taxes accordingly, as they were required to do by the County Fiscal Control Act of 1927. By the construction placed on the statute by the State Highway Commission, the counties get this revenue for only 2 years, to 1 April, 1931, the State Highway Commission getting the three months accrual of this tax. It was not intended that the Commission should get all the gasoline tax until they began to perform all the functions of maintaining the roads the counties had to maintain, to wit, on 1 July, 1931.

The act requires that this fund be kept by the State Treasurer to the credit of the "State Highway Fund." The tax produced prior to 1 July, though collected after 1 July, should be credited to the counties of the State under the "State Highway Fund," this is a matter of bookkeeping. This fund collected after, although produced prior to 1 July, 1931, had to be placed in the "State Highway Fund," and should be disbursed by it to the respective counties and not forfeited to the State Highway Commission.

I think in construing the statutes *in pari materia,* the reason, logic and justice of the matter is against the position taken by the State Highway Commission. The large intent of the statutes was to the effect that the counties of the State having the burden of maintaining the State roads to 1 July, 1931, should be entitled to the one cent gasoline tax produced before that time, although a part of same should be collected thereafter. I am borne out in this contention by the learned judge in the court below, also by four members of the last General Assembly who helped pass the act: Messrs. H. G. Connor, A. D. McLean, Ira T. Johnston and Zeb. V. Norman—all able lawyers.

The intention is manifest—"The letter killeth but the spirit giveth life." I think the judgment of the court below should have been affirmed.